Brian D. Langa (SBN 199522)
E-mail: blanga@ddsffirm.com
**DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP**
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017-4209
Tel: (213) 624-8407; Fax: (213) 624-0174

Attorneys for Defendant CITY OF LYNWOOD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STICKS LYNWOOD, LLC, a California limited liability company; SGLA LYNWOOD, LLC, a California limited liability company, | **CASE NO. 2:20-cv-04540 JAK-MRW** |
| Plaintiffs, | CASE ASSIGNED TO: District Judge John A. Kronstadt |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation; CITY OF LYNWOOD, a general law city; CALIFONIA DEPARTMNENT OF TRANSPORTATION; MACIAS DEVELOPMENT COMPANY, INC., a suspended California corporation; JOSE JUAN MACIAS, an individual; LYDIA MACIAS, an individual; KUDCO DIVERSIFIED, LLC, a California limited liability company; and DOES 1 - 10, inclusive, | **ANSWER AND COUNTERCLAIM OF DEFENDANT CITY OF LYNWOOD TO COMPLAINT** |
| | Complaint Filed:     5/20/20 |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendant City of Lynwood ("City" or "Defendant"), by and through its counsel of record, hereby responds to the Complaint filed on May 20, 2020 ("Complaint") as follows:

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

**JURISDICTIONAL ALLEGATIONS**

1.     Answering Paragraph 1 of the Complaint, Defendant admits that this Court has original jurisdiction.  The referenced statutes speak for themselves, and no response is required.

2.     Answering Paragraph 2 of the Complaint, Defendant admits that venue is proper in this district.  The referenced statutes speak for themselves, and no response is required.

3.     Paragraph 3 contains legal conclusions and does not require a response.

**FACTUAL ALLEGATIONS**

4.     Answering Paragraph 4 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in such Paragraphs and on that basis denies such allegations.

5.     Answering Paragraph 5 of the Complaint, Defendant admits that it is a general law city in the State of California, and that it previously owned the "Impacted Site."  Defendant lacks sufficient knowledge or information to form a belief as to the truth of other allegations contained in said Paragraph, and on that basis denies such allegations.

6.     Answering Paragraphs 6 through 11 of the Complaint, and each of them, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in such Paragraphs and on that basis denies such allegations.

7.     Answering Paragraph 12 of the Complaint, as they pertain to Defendant, Defendant denies each and every allegation.  As to other allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations. Further, to the extent Paragraph 12 contains legal conclusions, it does not require a response

8.     Answering Paragraph 13 of the Complaint, as they pertain to Defendant, Defendant denies each and every allegation.  As to other allegations, Defendant is

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations. Further, to the extent Paragraph 13 contains legal conclusions, it does not require a response.

9.  Answering Paragraph 14 of the Complaint, as they pertain to Defendant, Defendant denies each and every allegation.  As to other allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations.

10.  Answering Paragraph 15 of the Complaint, Defendant admits that Plaintiffs alleged causes of action pursuant to certain federal statutes, including the Resource Conservation and Recovery Act ("RCRA"), without admitting that any such causes of action are proper or properly alleged.  Except as so admitted, as they pertain to Defendant, Defendant denies each and every allegation.  As to other allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations.

11.  Answering Paragraph 16 of the Complaint, as they pertain to Defendant, Defendant denies each and every allegation.  As to other allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations.

12.  Answering Paragraph 17 of the Complaint, as they pertain to Defendant, Defendant denies each and every allegation.  As to other allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations. No response to Paragraph 17 of the Complaint to the extent that it contains legal conclusions and opinions, actions and rationale of a third party other than Defendant, and Defendant cannot admit or deny without speculation of such third party's intended meaning.  To the extent a response is required, Defendant is without

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations

13.     Answering Paragraph 18 of the Complaint, Defendant admits that it received a document entitled Notice of Intent to Sue on January 6, 2020.  Defendant further admits that it received correspondence from Plaintiff identified as a Notice of Claim dated November 7, 2019, December 6, 2019 and April 2, 2020.  Defendant further admits it responded on December 17, 2019 to the December 6, 2019 Notice of Claim and returned the claim as untimely.  As to other allegations, including allegations relating to other defendants, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations.

14.     Answering Paragraph 19 of the Complaint, as they pertain to Defendant, Defendant denies each and every allegation.  As to other allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations.

15.     Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies such allegations.

16.     Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies such allegations.

17.     Answering Paragraph 22 of the Complaint, as the allegations pertain to Defendant, Defendant denies each and every allegation.  As to other allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies such allegations.

18.     Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

- 4 -

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

contained in said paragraphs, and on that basis denies such allegations.

## **FIRST CLAIM FOR RELIEF**

### **(Cost Recovery Under CERCLA)**

19.     No response is required to Paragraph 24.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as though fully set forth herein.

20.     Paragraph 25 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

21.     Answering Paragraph 26 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

22.     Answering Paragraph 27 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

23.     Paragraph 28 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

24.     Answering Paragraph 29 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

25.     Answering Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

26.     Answering Paragraph 31 of the Complaint, Defendant is without

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

27.     Paragraph 32 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

28.     Paragraph 33 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant  Referenced statute speaks for itself.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

29.     Paragraph 34 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant  Referenced statute speaks for itself.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

30.     Paragraph 35 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

31.     Answering Paragraph 36 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

32.     Answering Paragraph 37 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

## SECOND CLAIM FOR RELIEF

### (Contribution Under CERCLA)

33.     No response is required to Paragraph 38.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

though fully set forth herein.

34.     Answering Paragraph 39 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

35.     Paragraph 40 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

## THIRD CLAIM FOR RELIEF

### (Relief Under RCRA)

36.     No response is required to Paragraph 41.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as though fully set forth herein.

37.     Answering Paragraph 42 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis denies such allegations.

38.     Answering Paragraph 43 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

39.     Answering Paragraph 44 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

40.     Answering Paragraph 45 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

41.     Paragraph 46 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, answering Paragraph 46 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

42.     Paragraph 47 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, answering Paragraph 47 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

43.     Answering Paragraph 48 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

44.     Answering Paragraph 49 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

45.     Answering Paragraph 50 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

## FOURTH CLAIM FOR RELIEF

### (Cost Recovery and Contribution Under HSAA)

46.     No response is required to Paragraph 51.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

though fully set forth herein.

47.     Paragraph 52 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

48.     Paragraph 53 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

49.     Paragraph 54 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  Referenced statute speaks for itself.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

50.     Answering Paragraph 55 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

51.     Answering Paragraph 56 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

52.     Answering Paragraph 57 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

contained in said paragraph, and on that basis denies such allegations.

53.     Answering Paragraph 58 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

### FIFTH CLAIM FOR RELIEF

### (Continuing Public Nuisance)

54.     No response is required to Paragraph 59.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as though fully set forth herein.

55.     Answering Paragraph 60 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

56.     Answering Paragraph 61 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

57.     Answering Paragraph 62 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

58.     Paragraph 63 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

59.     Answering Paragraph 64 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

contained in said paragraph, and on that basis denies such allegations.

60.     Answering Paragraph 65 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

61.     Answering Paragraph 66 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

62.     Answering Paragraph 67 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

63.     Paragraph 68 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  Referenced statute speaks for itself.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

## SIXTH CLAIM FOR RELIEF

### (Continuing Private Nuisance)

64.     No response is required to Paragraph 69.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as though fully set forth herein.

65.     Answering Paragraph 70 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

66.     Answering Paragraph 71 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without

ANSWER AND COUNTERCLAIM TO COMPLAINT

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

67.     Paragraph 72 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

68.     Answering Paragraph 73 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

69.     Answering Paragraph 74 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

70.     Answering Paragraph 75 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

71.     Answering Paragraph 76 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

72.     Paragraph 77 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

## SEVENTH CLAIM FOR RELIEF

### (Continuing Nuisance Per Se)

73.     No response is required to Paragraph 78.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

though fully set forth herein.

74.     Answering Paragraph 79 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

75.     Answering Paragraph 80 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

76.     Answering Paragraph 81 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

77.     Answering Paragraph 82 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

78.     Answering Paragraph 83 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

79.     Answering Paragraph 84 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

80.     Answering Paragraph 85 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

contained in said paragraph, and on that basis denies such allegations.

81.     Paragraph 86 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  Referenced statutes speak for themselves.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

82.     Paragraph 87 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  Referenced statutes speak for themselves.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

83.     Answering Paragraph 88 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

## EIGHTH CLAIM FOR RELIEF

### (Trespass)

84.     No response is required to Paragraph 89.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as though fully set forth herein.

85.     Answering Paragraph 90 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

86.     Answering Paragraph 91 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

87.     Answering Paragraph 92 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

## NINTH CLAIM FOR RELIEF

### (Negligent Interference with Prospective Business Advantage)

88. No response is required to Paragraph 93. To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as though fully set forth herein.

89. Paragraph 94 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant. To the extent a response is required, Defendant denies each and every allegation in said paragraph.

90. Answering Paragraph 95 of the Complaint, as to Defendant, Defendant denies each and every allegation. As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

91. Answering Paragraph 96 of the Complaint, as to Defendant, Defendant denies each and every allegation. As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

92. Answering Paragraph 97 of the Complaint, as to Defendant, Defendant denies each and every allegation. As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

93. Answering Paragraph 98 of the Complaint, as to Defendant, Defendant denies each and every allegation. As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

94. Answering Paragraph 99 of the Complaint, as to Defendant, Defendant denies each and every allegation. As to remaining allegations, Defendant is without

ANSWER AND COUNTERCLAIM TO COMPLAINT

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

95.     Answering Paragraph 100 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

**TENTH CLAIM FOR RELIEF**

**(Statutory Failure to Disclose – Health & Safety Code Section 25359.7)**

96.     Paragraphs 101 to 106 of the Complaint, and each of them, assert a claim for relief against Defendant Kudco Diversified, LLC only, and therefore no response is required by Defendant.

**ELEVENTH CLAIM FOR RELIEF**

**(Breach of Contract)**

97.     Paragraphs 107 to 114 of the Complaint, and each of them, assert a claim for relief against Defendant Kudco Diversified, LLC only, and therefore no response is required by Defendant.

**TWELFTH CLAIM FOR RELIEF**

**(Equitable Indemnity)**

98.     No response is required to Paragraph 115.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as though fully set forth herein.

99.     Answering Paragraph 116 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies such allegations.

100.   Answering Paragraph 117 of the Complaint, as to Defendant, Defendant denies each and every allegation.  As to remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

contained in said paragraph, and on that basis denies such allegations.

## THIRTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment)

101.   No response is required to Paragraph 118.  To the extent that a response is required, Defendant's admissions and denials above are repeated and re-alleged as though fully set forth herein.

102.   Paragraph 119 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

103.   Paragraph 120 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

104.   Paragraph 121 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  Referenced statute speaks for itself.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

105.   Paragraph 122 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

106.   Paragraph 123 of the Complaint calls for legal conclusions and, as such, requires no response from Defendant.  To the extent a response is required, Defendant denies each and every allegation in said paragraph.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.   The Complaint, and each and every cause of action alleged therein, fails

ANSWER AND COUNTERCLAIM TO COMPLAINT

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

to state facts sufficient to constitute a cause of action against the Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

2.     The Complaint, and each and every cause of action alleged therein, are barred by the applicable federal and state statutes of limitation, including but not limited to Section 113(g) of CERCLA and California Code of Civil Procedure §§ 337, 338, 338.1, 339, 340, and 343.

## THIRD AFFIRMATIVE DEFENSE

### (Third Party Defense Under CERCLA)

3.     Defendant is informed and believes, and on that basis alleges, that actual or threatened releases of chemicals, if any, alleged in the Complaint were caused solely by the acts or omissions of parties, including Plaintiffs, who were not employees or agents of Defendant, which acts or omissions did not occur in connection with any contractual relationship existing directly or indirectly with Defendant.  At no time did Defendant exercise control over the persons or entities responsible for actual or threatened releases of hazardous substances, if any, alleged in the Complaint.  At all times, Defendant acted with due care with respect to any hazardous substances used, if any, and took reasonable precautions against foreseeable acts or omissions of any such third parties and any foreseeable consequences.

## FOURTH AFFIRMATIVE DEFENSE

### (No Cause In-Fact)

4.     Plaintiffs have not alleged, and cannot prove, any facts showing that Defendant's conduct was the cause in fact of the conditions or releases alleged in the Complaint, or that the releases therein alleged, if any, caused injury or necessitated the incurrence of any response costs or damages with respect thereto.

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

## FIFTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

5.      Plaintiffs have not alleged, and cannot prove, any facts showing that the conduct of the Defendant was the proximate cause of the conditions or releases alleged in the Complaint, or that alleged releases, if any, were the proximate cause of any injury or necessitated the incurrence of any response costs or damages with respect thereto.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      The Complaint, and each cause of action alleged therein against Defendant is barred by the doctrine of laches.  Plaintiffs have, contrary to its legal and equitable obligations, failed to take effective action to abate such alleged hazardous substances for years, a delay that has enormously increased the alleged costs of abatement, resulting in great prejudice to Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.      Plaintiffs' claims are barred by doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.  As a result of their own acts and omissions, Plaintiffs waived their right to recover under each and every cause of action alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.     Defendant is informed and believe, and upon such information and belief, allege that Plaintiffs failed to mitigate their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Not Authorized by Law)

11.     Plaintiffs are not entitled to recover attorneys' fees as such fees are not authorized by law, including, but not limited to, CERCLA.

## TWELFTH AFFIRMATIVE DEFENSE

### (Costs Inconsistent with the National Contingency Plan)

12.     Any costs, damages and expenses Plaintiffs allegedly incurred are not "necessary costs of response" incurred in accordance with the National Contingency Plan," as required by CERCLA § 107(a)(4)(B).  Therefore, Plaintiffs' claims are barred.  If Defendant is liable for any of Plaintiffs' costs, which Defendant denies, Defendant is not liable for any costs that are unnecessary or inconsistent with the National Contingency Plan.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join an Indispensable Party)

13.     Plaintiffs have failed to join in this action one or more necessary or indispensable parties, or name all persons having a material interest in the subject matter of this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

14.     To the extent Plaintiffs suffered and/or will suffer any damages, which Defendant denies, such damages were caused by some superseding or intervening arising from the acts or omissions of individuals and/or entities, including Plaintiffs, which acts or omissions Defendant neither controlled, nor had the legal right to control.  Further, such acts or omissions of others did not occur in connection with

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

any direct or indirect contractual relationship with Defendant.  Thus, any and all alleged violations, losses, injuries or damages were not caused by any act or omission of Defendant and, at all times, Defendant acted with due care and took reasonable precautions against foreseeable acts or omissions of any such third parties and foreseeable consequences.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Notice)**

15.     Plaintiffs are barred from asserting this action for failure to give proper notice to regulatory agencies as required by statutes.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Damages Not Foreseeable)**

16.     Any injury, damage or loss sustained by Plaintiffs, if any, in connection with the subject matter of this action was not reasonably foreseeable

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Response Costs Under CERCLA)**

17.     Some or all costs alleged in the Complaint do not constitute response costs within the meaning of section 101(25) of CERCLA, and therefore are not recoverable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Removal or Remedial Costs Under CERCLA)**

18.     Some or all costs alleged in the Complaint do not constitute removal or remedial costs within the meaning of sections 101(23) and 101(24) of CERCLA, and therefore are not recoverable.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Not Necessary Costs)**

19.     Some or all costs alleged in the Complaint were not necessary costs of response" as required by CERCLA § 107(a), and therefore are not recoverable.

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

## TWENTIETH AFFIRMATIVE DEFENSE

### (Contribution)

20.    Should Defendant be found responsible for any damages claimed in the Complaint, which they should not, Defendant is entitled to contribution from Plaintiffs and/or other third parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Contributory Negligence)

21.    The acts and/or omissions alleged in the Complaint, including any alleged damages accruing to Plaintiffs, were caused by the negligence of Plaintiffs and/or other third parties and thus, any recovery by Plaintiffs from Defendant must be precluded or reduced on the basis of the contributory fault of others.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Indemnification)

22.    Should Defendant be found responsible for any damages alleged in the Complaint, which they should not, Defendant is entitled to indemnity from Plaintiffs and/or other third parties who are responsible for Plaintiffs' injuries or damages, if any, and such indemnity offsets or eliminates any liability of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Divisible Harm)

23.    Should Defendant be held liable for any costs or damages, which liability is denied, such costs or damages are distinct, divisible and separate from all other costs or damages, and therefore Defendant cannot be held liable for costs or damages not directly caused by Defendant by reason of the joint and several liability doctrine.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Passive Liability)

24.    If Defendant is liable, which liability is disputed, then any such liability would be passive, imputed or secondary while third parties, including Plaintiffs,

would be actively and primarily liable for the alleged response costs or other damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (De Minimis)

25.     If Defendant is found to have discharged or released hazardous substances, then any such alleged discharge or release was de minimis.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Prejudgment Interest)

26.     Plaintiffs' request to recover prejudgment interest, in so far as it exceeds that authorized by law, is barred by law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Apportionment of CERCLA, HSAA Claim)

27.     Defendant is informed and believe, and upon that basis allege, that based on equitable factors and allocation of response costs, Defendant will bear no responsibility for response costs under CERCLA and HSAA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (CERCLA § 107(b) Defenses)

28.     Pursuant to CERCLA §§ 101(35) and 107(b), Defendant is not liable because the alleged release or threatened release and the damages resulting therefrom were caused solely by an act of God, an act of war or an act or omission of a third party other than an employee or agent of Defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Conformance with Governing Law and Standards)

29.     Plaintiffs are not entitled to recovery because the actions complained of are expressly authorized by and/or were taken pursuant to federal, state, and local statutes and regulations and/or were pursuant to industry standards, based upon the

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

state of knowledge existing at all material times alleged in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Permissible Releases)

30.    At all times material hereto, Defendant's releases, if any, were, in whole or in part, permitted under state or federal laws.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Equipment Defect)

31.    If Plaintiffs were injured by the Defendant, it was by reason of leaks in equipment constructed and installed by others, and the Defendant is not liable for those injuries because the equipment, when manufactured and distributed, conformed to the then current state of scientific and industrial knowledge, and the equipment was used for its intended purpose.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

32.    Defendant alleges that each and every claim and cause of action asserted by Plaintiffs against Defendant is barred, in whole or in part, because it would result in unjust enrichment to Plaintiffs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Exhaustion of Administrative Remedies /
### Failure to Comply With Statutory Prerequisites)

33.    Defendant alleges that Plaintiffs have not exhausted the administrative remedies available to their claims, including failure to comply with the statutory prerequisites and/or any other applicable laws, including but not limited to: prerequisites required under the Government Tort Claims Act, the failure to pay removal or remedial action costs and the failure to give notice to the appropriate regulatory agencies before filing suit.

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Due Process and Equal Protection)

34.     To the extent the Complaint can be read to request joint and several liability, such claim is unconstitutional and violates Defendant's rights to due process and equal protection under the Fourteenth Amendment of the Constitution of the United States and similar protections afforded by the Constitution of the State of California.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Election of Remedies)

35.     The Complaint, and each and every cause of action therein, fail in whole or in part, based on the doctrine of election of remedies.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Multiple Recovery)

36.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs seek multiple recovery for the same alleged wrong or wrongs.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Retroactive Liability)

37.     Plaintiffs cannot be held retroactively liable for conducts that were not actionable when they occurred.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Offset Damages)

38.     To the extent Plaintiffs have received or hereafter receive any of the requested relief from persons or entities other than Defendant, including governmental agencies, other defendants, or other third parties, Defendant is entitled to an appropriate off-set or reduction of any judgment against it.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Liability for Future Costs Under CERCLA)

39.     Plaintiffs cannot recover costs not yet incurred, if any, under Section

- 25 -

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

107(a) of CERCLA.  Plaintiffs' claims for relief under CERCLA must therefore be denied to the extent that they include requests for future costs.

## FORTIETH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

40.    If Plaintiffs suffered any damages as alleged in the Complaint, which is expressly denied, said injury and damage arose from and was caused by risks knowingly and voluntarily assumed by Plaintiffs.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Justification, Privilege or Excuse)

41.    Defendant's actions respect to the subject matters alleged in the Complaint were undertaken in good faith, with due care and absent of malicious intent to injure Plaintiffs, and constitute lawful, proper and justified means to further its legitimate business purposes.  Because Defendant's actions were justified, excused and/or privileged, Plaintiffs are barred, in whole or in part, from recovery on the alleged causes of action, and each of them, in the Complaint.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Actual or Constructive Notice)

42.    Plaintiffs' Complaint and each alleged cause of action therein are barred in whole or in part based on Plaintiffs' actual or constructive notice of releases and other facts underlying each of its causes of action.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

43.    The injury suffered by Plaintiffs, if any, would be adequately compensated in an action at law for damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law, and are not entitled to equitable or declaratory relief.

ANSWER AND COUNTERCLAIM TO COMPLAINT

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Declaratory Relief)

44.     Defendant respectfully submits that the Court should decline to exercise the power granted to it to award declaratory relief because a declaration or determination is not necessary or proper at this time.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff is a PRP)

45.     Plaintiffs cannot bring a cost recovery action under CERCLA § 107, 42 U.S.C. § 9607, because Plaintiffs are "covered person[s]" who own and/or operate facilities, owned and/or operated facilities at the time of disposal of alleged hazardous substances, arranged for the transportation of alleged hazardous substances for disposal or treatment, and/or accepted alleged hazardous substances for transportation to treatment and/or disposal facilities, meeting the statutory criteria set forth in CERCLA § 107(a)(1)-(4), 42 U.S.C. § 9607(a)(1)-(4), and Plaintiffs are not an innocent landowner, bona fide purchaser and/or contiguous landowner.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Preemption of State Remedies and Damages by CERCLA)

46.     Plaintiffs' claims and/or any remedies and damages that Plaintiffs seek under the California Hazardous Substances Account Act and its state common law claims are preempted, in whole or in part, by CERCLA.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Innocent Landowner)

47.     Defendant is not liable to Plaintiffs because if Defendant was an owner of the site in question, which Defendant denies, it was an innocent landowner and meets the statutory criteria set forth in CERCLA § 101(35), 42 U.S.C. § 9601(35).

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation; Incorporation of Other Defenses)

48.     Defendant reserves the right to amend this Answer and assert additional

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

defenses.  Defendant further incorporates by this reference all affirmative defenses asserted by other defendants in this action.

## COUNTERCLAIM

Defendant City of Lynwood ("City") states this counter-claim to the Complaint ("Complaint") of Plaintiffs Sticks Lynwood, LLC, a California limited liability company and SGLA Lynwood, LLC, a California limited liability company (collectively, "Sticks Lynwood") against them in the Complaint ("Complaint" at ECF Dkt. No. 1), as follows:

## PARTIES

1.      City is a general law city located in the County of Los Angeles in the State of California.

2.      City alleges, on information and belief, that Sticks Lynwood is the current owner of the real property of APN 6169-002-004;-005, and -008 located on 2900 Fernwood Avenue ("Impacted Site").

## JURISDICTION

3.      Jurisdiction over City's counterclaims is based on 28 U.S.C. § 1331 and on 42 U.S.C. § 9613(b).  These counterclaims are brought under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 , el seq. ("CERCLA").  Jurisdiction of state law claims is based on 28 U.S.C. § 1367(a). These state law claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b) as the alleged acts and omissions relate to hazardous waste and hazardous substances in the environment and emanating from the Impacted Site, which is part of this District.

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

## DESCRIPTION OF ACTION/FACTUAL ALLEGATIONS

5.      Without admitting any of the allegations except as set forth in Lynwood's Answer to Sticks Lynwood's Complaint, City incorporates herein Sticks Lynwood's Complaint for the sole purpose of setting forth the allegations of Sticks Lynwood's Complaint to which these Counterclaims relate.

6.      City denies that it is liable to Sticks Lynwood and denies that Sticks Lynwood is entitled to any relief against City as requested or otherwise.

7.      City's Counterclaims are being filed and served in accordance with Rule 13 of the Federal Rules of Civil Procedure.

8.      City alleges that Sticks Lynwood is not an innocent landowner, bona fide purchaser and/or contiguous landowner as defined by CERCLA, 42 U.S.C. §§ 9607(b)(3), 9601(35)(A) and/or California Land Use and Revitalization Act of 2004 - Health & Safety Code §§25395.60 et. seq. ("CLRRA").  City is informed and believes, and based upon information and belief alleges that Sticks Lynwood failed to meet the statutory criteria of innocent landowner, bona fide purchaser and/or contiguous landowner, including but not limited to failing to perform proper all appropriate inquiry before acquiring the Impacted Site.

## COUNTERCLAIMS
## FIRST COUNTERCLAIM
### (Contribution Pursuant to CERCLA Section 113)

9.      City refers to and incorporates herein by reference Paragraphs 1 through 7 of these Counterclaims as though fully set forth herein.

10.     City did not contribute the alleged contamination at the Impacted Site.

11.     City is informed and believes, and on that basis alleges, that Sticks Lynwood is responsible for the alleged contamination of the Impacted Site as a current owner and current operator of the Impacted Site.

12.     To the extent any party has incurred recoverable response costs pursuant

- 29 -

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

to CERCLA § 107(a), 42 U.S.C. § 9607(a), and asserts liability for some or all of those costs against City pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution claim against City for such costs incurred by another party pursuant to CERCLA § 113(f)( 1), 42 U.S.C. § 9613(1)(1), City is entitled to one-hundred percent (100%) contribution, or contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA § 113(1)(1), 42 U.S.C. § 9613(f)(1), from Sticks Lynwood.

## SECOND COUNTERCLAIM

### (Declaratory Relief Under Federal Law)

13.     City refers to and incorporates herein by reference Paragraphs 1 through 11 of these Counterclaims as though fully set forth herein.

14.     City is entitled to and hereby seeks a declaratory judgment, pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), of Sticks Lynwood's liability to City for all response costs incurred or to be incurred by City for the Impacted Site and for responding to the "releases" and/or "threatened releases" of wastes and adverse environmental consequences at issue herein.

15.     City is entitled to, and hereby seeks, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of City's right to reimbursement from and indemnification by Sticks Lynwood for all costs, jointly and severally, which City may incur resulting from Sticks Lynwood's contribution to "release" of wastes into the environment.

## THIRD COUNTERCLAIM

### (Declaratory Relief Under State Law)

16.     City refers to and incorporates herein by reference Paragraphs 1 through 14 of these Counterclaims as though fully set forth herein.

17.     City is informed and believes, and on that basis alleges, that all legal liability, whether arising from federal or state statutory law, or from common law, which may in the future be asserted by any entity or individual, arising from or

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

ANSWER AND COUNTERCLAIM TO COMPLAINT

related to the contamination of and at the Impacted Site, as alleged, is the sole and actual and/or joint and several liability of Sticks Lynwood.  Therefore, City is entitled to a judicial declaration that Sticks Lynwood is liable to indemnify City for all future damages and costs that may be suffered by City as a result of the contamination at the Impacted Site, or, in the alternative, that Sticks Lynwood is liable to contribute to and reimburse City for such damages and costs including, without limitation, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and costs of litigation including attorneys' fees.

## FOURTH COUNTERCLAIM

### (Equitable Indemnification)

18.     City refers to and incorporates herein by reference Paragraphs 1 through 16 of these Counterclaims as though fully set forth herein.

19.     As a direct and proximate result of Sticks Lynwood's acts or omissions, City has been and will be required to act in the protection of its own interests by defending against the Complaint filed in this action, by bringing these Counterclaims.

20.     City is without fault with respect to the matters alleged in the Complaint and any other claim or action arising directly or indirectly from the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Impacted Site.  To the extent City has any liability for any relief sought in any judicial or administrative proceedings brought against them by any persons or entities with regard to the alleged contamination of the soil groundwater, and/or any other environmental media in, at, around, and underlying the Impacted Site, including without limitation, the pending Complaint, such liability is purely secondary, imputed, vicarious or technical, and primary liability attaches to Sticks Lynwood and is attributable to Sticks Lynwood's acts or omissions.

21.     City is informed and believes, and on that basis alleges, that Sticks Lynwood is responsible to indemnify City for any liability arising from Sticks Lynwood's acts or omissions.  City further alleges that Sticks Lynwood are either

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

totally or partially liable.  If total, City is entitled to total indemnity from Sticks Lynwood for any liability that may be assessed against City arising directly or indirectly from contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Impacted Site.  If partial, Sticks Lynwood are in some manner partially responsible for said liability and in equity must reimburse City for any liability assessed by the Court, based on Sticks Lynwood's own fault for the alleged liability arising directly or indirectly from contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Impacted Site.

## FIFTH COUNTERCLAIM

### (Contribution)

22.     City refers to and incorporates herein by reference Paragraphs 1 through 20 of these Counterclaims as though fully set forth herein.

23.     City denies all liability with respect to the alleged contamination of the soil, groundwater, and/or any other environmental media in, at, around, and underlying the Impacted Site.  However, Sticks Lynwood has alleged that City is liable under a variety of legal theories.  To the extent that City may have any liability for any relief sought in any judicial or administrative proceedings brought against it by any persons or entities with regard to contamination of the soil and/or groundwater in, at, around and underlying the Impacted Site, including without limitation, Sticks Lynwood's Complaint, then Sticks Lynwood is liable to City for contribution for all costs, expenses or damages incurred or awarded in legal or administrative actions, clean-up costs, attorneys' fees and consultants' fees, and costs of litigation.

## SIXTH COUNTERCLAIM

### (Contribution Under Hazardous Substances Account Act)

24.     City refers to and incorporates herein by reference Paragraphs 1 through 22 of these Counterclaims as though fully set forth herein.

25.     City is informed and believes, and on that basis alleges, that Sticks

ANSWER AND COUNTERCLAIM TO COMPLAINT

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

Lynwood is a "person," as defined in the HSAA, Cal. Health & Safety Code section 25319.

26.    City is informed and believes, and on that basis alleges, that Sticks Lynwood is a "responsible part[y]" as defined in Cal. Health and Safety Code section 25323.5 and CERCLA § 107(a), 42 U.S.C. section 9607(a).

27.    City is informed and believes, and on that basis alleges, that Sticks Lynwood is the current Impacted Property owner or operator.

28.    City has and may in the future be compelled to incur attorney's fees, costs, expenses, and in the future may incur liability by reasons of settlement, judgment and/or defense in this action.

29.    City may in the future be compelled to incur future costs necessary to monitor, assess, and evaluate the release or threatened release of hazardous substances at, and near, the Impacted Site and surrounding areas.

30.    City is informed and believes, and on that basis alleges, that Sticks Lynwood is liable under the HSAA resulting from the release and/or threatened release of hazardous substances at the Impacted Site.  Accordingly, City is entitled to contribution from Sticks Lynwood, up to an amount to be proven at trial or otherwise, pursuant to Cal. Health and Safety Code section 25363.

## **PRAYER**

**WHEREFORE**, City prays of this Court as follows:

1.    Dismissal of the Complaint against City with prejudice;

2.    That City be awarded its costs, expert consultants' fees, witness fees, and reasonable attorneys' fees incurred in defense of this action;

3.    That in the event that City is held liable for more than its fair share of response costs, a judgment in favor of City and against any other party held liable;

4.    For reimbursement from, and to be made whole by, Sticks Lynwood for any potential costs or other damages that may be assessed or charged to City as a

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

result of the Hazardous Substances, as that term is defined in the Complaint;

5.    For a judicial declaration of City's rights and obligations with respect to future response costs incurred in connection with Hazardous Substances as that term is defined in the Complaint;

6.    That Sticks Lynwood take nothing by its action;

7.    For contribution under CERCLA section 113(f), 42 U.S.C. § 9613(f), from Sticks Lynwood, if City is found liable under CERCLA;

8.    For contribution under HSAA, Cal. Health and Safety Code section 25363, from Sticks Lynwood, if City is found liable under HSAA;

9.    For recovery from Sticks Lynwood for all response costs that will be incurred by City in response to the release and threatened release of hazardous substances at the Impacted Property and in the enforcement of CERCLA's statutory liability scheme, according to proof at trial;

10.    For a declaration that Sticks Lynwood is obligated to pay to City all future response costs and any other costs incurred by City hereafter in response, removal or remediation efforts incurred;

11.    For incidental and consequential damages according to proof;

12.    For pre-judgment interest at the legal rate;

13.    For all costs of suit incurred herein;

14.    For injunctive relief, as appropriate; and

15.    For such other and further relief as this Court deems just and proper.

Dated: October 2, 2020                 DEMETRIOU, DEL GUERCIO,
                                       SPRINGER & FRANCIS, LLP


                                       By:  _/s/ Brian D. Langa_____
                                            Brian D. Langa
                                            Attorneys for Defendant CITY OF
                                            LYNWOOD

ANSWER AND COUNTERCLAIM TO COMPLAINT

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

## **JURY TRIAL DEMAND**

Defendant hereby demands a trial by jury to the extent provided for by the law.

Dated: October 2, 2020                    DEMETRIOU, DEL GUERCIO,
                                          SPRINGER & FRANCIS, LLP


                                          By: _/s/ Brian D. Langa_____
                                             Brian D. Langa
                                             Attorneys for Defendant CITY OF
                                             LYNWOOD

ANSWER AND COUNTERCLAIM TO COMPLAINT

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017

**CERTIFICATE OF SERVICE**

I certify and state that I am now and at all times herein mentioned was, a citizen of the United States, over the age of eighteen (18) years, a resident of the County of Los Angeles, and not a party of the within action or cause.  My business address is 915 Wilshire Boulevard, Suite 2000, Los Angeles, California  90017-3496.

I hereby certify that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I further certify that on October 2, 2020, I caused to be served the copies of the attached:

**ANSWER AND COUNTERCLAIM OF DEFENDANT**
**CITY OF LYNWOOD TO COMPLAINT**

on the parties in said action as follows:

☑  **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be serve by mail or by any other means permitted by the court rules.

☑  **FEDERAL:**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 2, 2020, at Los Angeles, California.

/s/ Lisa Padilla
Lisa Padilla

ANSWER AND COUNTERCLAIM TO COMPLAINT

DEMETRIOU, DEL GUERCIO, SPRINGER & FRANCIS, LLP
915 Wilshire Boulevard, Suite 2000
Los Angeles, California 90017